### FIRST NAT. BANK OF BLAINE v. BLAKE.

(Circuit Court, D. Oregon. February 19, 1894.)

#### No. 1,976.

NEGOTIABLE INSTRUMENTS—BONA FIDE PURCHASERS—NOTICE.

Defendant executed his promissory note to C., and delivered it upon condition that it was to be surrendered to him upon C.'s failure to perform stipulated acts. C. immediately transferred this note by indorsement to a bank of which he was president and general manager. *Held* that, as C. himself was the sole representative of the bank in the transfer of the note to it, the bank is chargeable with his knowledge of the condition to which it was subject, and so cannot sue on the note until that condition is performed.

At Law. On demurrer to answer. Action by the First National Bank of Blaine against J. W. Blake. Demurrer overruled.

Harrison G. Platt, for plaintiff.
Franklin P. Mays, for defendant.

BELLINGER, District Judge. The complaint alleges that on April 18, 1890, the defendant made and delivered his promissory note to N. A. Cornish, whereby he promised to pay, on April 2, 1892, after date, to the order of Cornish $3,419.50 with interest. This note was indorsed and transferred by Cornish to the plaintiff before maturity, and the plaintiff is alleged to be the owner and holder of it for value. The answer alleges that the note was executed and delivered on the 2d day of April, 1891, and was in consideration of a contract entered into at the same time between the defendant on the one part and Cornish and others of the other part, by the terms of which it was agreed, in effect, that if Cornish and those associated with him in his contract with the defendant, failed to protect certain real estate, which was a subject of speculation between the parties, (and on account of which the defendant had paid such parties $3,419.50, and gave the note in question for a further like sum,) from the lien of a certain mortgage, thereby forfeiting the title and interest of Cornish and the other parties of the one part in said contract to such real estate, the promissory note in question should be surrendered up to the defendant. It is alleged that the note and contract were parts of one transaction; that Cornish and his associates failed in their agreement as to the land in question, in consequence of which the defendant lost

the $3,419.50 paid by him, and became entitled to have the note sued on surrendered, the consideration therefor having failed. It is further alleged that, at the time of the transfer of the note to the plaintiff, Cornish was the duly elected, qualified, and acting president and general manager of the plaintiff bank, and that both he and the plaintiff had full knowledge of all the facts alleged. The plaintiff demurs to the answer.

In order that there may be a complete determination of the rights of the parties upon the demurrer, it was agreed upon the argument that the court may consider the following additional facts as if they were set out in the answer:

"(1) During all the times in question Cornish was the president and general manager of the plaintiff bank, and as such was duly authorized to discount notes, and, generally, to act for the plaintiff in such matters. (2) Cornish, immediately upon receipt of the note, with full notice of its imperfection, transferred it by indorsement to plaintiff. (3) In the transfer of such note, Cornish was the sole person who acted in behalf of any one."

Upon these facts, is the plaintiff a bona fide purchaser of the note sued on? It is claimed, in support of the demurrer, that the knowledge which Cornish had cannot be imputed to the bank, because he acted for himself in the transaction; that his interest was opposed to that of the bank, and that, therefore, there is no presumption of a communication by him against his own interests; but that the presumption is the other way,—that he concealed the knowledge which he had of the infirmity of his own title. A large number of cases are cited in support of this view, and it is well settled that an officer or agent, dealing with a corporation or his principal on his own account, is not presumed to communicate knowledge which it would be to his interest to conceal, and the corporation or principal is not chargeable with such knowledge. But there is no room for the application of this principle where the agent is the sole representative of both parties in the transaction. If Cornish was the sole representative of the bank in the transaction with himself, there was no one from whom information could have been concealed, or to whom it could have been communicated. If he was the sole representative of each party, each must have had equal knowledge. As the representative of the bank, his knowledge was not affected by his private interests, however much his conduct may have been. He necessarily knew as much in one capacity as he did in the other. The bank is charged with the knowledge which Cornish had. Holden v. Bank, 72 N. Y. 286; Bank v. Cushman, 121 Mass. 490; First Nat. Bank v. Town of New Milford, 36 Conn. 93; Loring v. Brodie, 134 Mass. 453; Atlantic Cotton Mills v. Indian Orchard Mills, 147 Mass. 268, 17 N. E. 496; Bank v. Irons, 8 Fed. 1; Bank v. Smith, (Tex. Civ. App.) 22 S. W. 1056. The delivery of the note to Cornish by the defendant was not absolute. It was a conditional delivery, to become complete on the performance of the condition upon which the defendant's obligations to pay the note depended. While in this condition, it could not be the subject of a bona fide purchase by any one having knowledge of the facts. While that condition remained unper-

formed, Cornish could not have maintained an action upon the note; although the time for payment stipulated therein had arrived; and the bank, taking the note with full knowledge, is in no better position. The question, therefore, as to whether the right of Cornish and his associates in the land in question has lapsed, and as to whether there may be performance hereafter of their agreement, so as to make the consideration for the note good, is immaterial. There can be no recovery upon this note until the condition upon which it was given is performed. The demurrer is overruled.