## James S. Lutz *v.* The Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Untrue answers in application—Question for jury—Act of June 23, 1885.*

In an action upon a life insurance policy where the undisputed evidence is that the insured in his application had falsely stated that he never had any illness, and had not consulted a physician, it is error for the court to submit the question of the materiality of the answers in the application, to the jury. Where it is doubtful whether the matter is material the question of materiality must be submitted to the jury, but where the answer is false and the matter involved is palpably and manifestly material to the risk, as in answers as to health, the Act of June 23, 1885, P. L. 134, has no application.

Argued Jan. 31, 1898.    Appeal, No. 132, Jan. T., 1897, by defendant, from judgment of C. P. Lehigh Co., April T., 1896, No. 36, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, Dean and Fell, JJ.   Reversed.

Assumpsit on a policy of life insurance. Before Albright, P. J.

Defendant's points and the answers thereto were as follows:

1. The applicant and beneficiary in their application having stated and warranted that the insured "never was sick," had no previous "spitting of blood," and had consulted no other physician and had "no consumption," and the written and

printed statement in the proof of death, and the uncontradicted proof and testimony showing that he had spitting of blood, was sick previously, had consumption, and had consulted Dr. Muhlenberg, the plaintiff cannot recover. *Answer :* Negatived. The question here suggested is referred to the jury. The uncontradicted evidence is that some of the statements in the application were not true ; if the jury find that such untrue statements were not made in good faith by the applicant, then such statements avoid the policy and the verdict must be for defendant, but if they were made in good faith, then, although untrue, the plaintiff may recover, provided the untrue statements did not relate to some matter material to the risk. The jury are further instructed that they shall inquire and decide whether such untrue statements related to some matter material to the risk ; if it is found that said untrue statements were thus material to the risk, then they avoid the policy contract of insurance, and the verdict must be for defendant, even though the applicants made the untrue statements in good faith ; on the other hand, if the jury find that such untrue statements did not relate to some matter material to the risk, and were made in good faith, then plaintiff may recover. [1]

2. Under all the evidence in the case the verdict must be for the defendant. *Answer :* Negatived. [2]

The court charged in part as follows :

[He may explain them (the death proof), upon the evidence that is presented here, and if you find that there were no untrue statements in the original application as to any matter material to the risk, and that the untrue statements were made in good faith, then you may say that no harm was done by the misstatement or untrue statement, and the plaintiff may still recover.] [3]

[If the untrue statements were not material to the risk, the plaintiff is entitled to recover, unless you find that the statements were made in bad faith, not made in good faith, that is, not made honestly.] [4]

Judgment and verdict for plaintiff for $1,050.56. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*C. J. Erdman*, with him *T. F. Diefenderfer*, for appellant.— The case was for the court, and not for the jury: D., L. & W. R. R. v. Converse, 139 U. S. 469; Eister v. Paul, 54 Pa. 196; Angier v. Caton, Cole and Burnham Co., 98 Pa. 539; Coal Co. v. Evans, 176 Pa. 28; Hermany v. Life Assn., 151 Pa. 17; Weber v. Life Ins. Co., 172 Pa. 111; Mengel v. Ins. Co., 176 Pa. 281.

There is one untrue statement and misrepresentation so comprehensive that it must be, beyond all doubt, held material to the risk, and that is the answer to the question: " Have you consulted any other physician?" "No." The question has been considered and disposed of by this Court: Wall v. Royal Society, 179 Pa. 355; U. B. Mut. Aid Society v. O'Hara, 120 Pa. 257.

*Arthur G. Dewalt*, for appellee.—The question of materiality is a question of fact, and must be decided by the jury: McLanahan v. Ins. Co., 1 Pet. 170; Ins. Co. v. Ruden, 6 Cranch, 338; Ins. Co. v. Stewart, 19 Pa. 45.

The courts have repeatedly held, even before the passage of the act of June 23, 1885, that, under such circumstances, untrue statements in regard to such matters do not vitiate the contract: Moulor v. Ins. Co., 101 U. S. 708; Connecticut Mut. Life Ins. Co. v. Union T. Co., 112 U. S. 250; Life Ins. Co. v. Francisco, 17 Wallace, 672; Campbell v. New England Mut. Life Ins. Co., 98 Mass. 381; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84; Schwartz v. Metropolitan Life Ins. Co., 5 Pa. Superior Ct. 285; Hermany v. Fidelity Mut. Life Assn., 151 Pa. 17.

OPINION BY MR. JUSTICE GREEN, July 21, 1898:

The learned judge of the court below, in his charge to the jury, said: " From all this and everything bearing upon the question, you will determine whether the untrue statements, because I say to you there were untrue statements, related to some matter material to the risk which the company took when it insured the life of James A. Lutz. If you find that these untrue statements were material, then you will see that the contract was violated, and that by means of false representations or untrue statements the company was induced to promise what it otherwise would not have done, and the policy is void and

your verdict must be for the defendant." An examination of the testimony proves conclusively that the learned judge was entirely correct when he said that there were untrue statements. These untrue statements were made by the insured in the answers to questions contained in the application. He was asked: "Q. Have you ever had spitting of blood? A. No. Q. Give full particulars of any illness you may have had since childhood and name your medical attendant or attendants. A. Was never sick. Q. When were you last confined to the house by illness? A. Never. Q. When and for what have his (Dr. E. D. Schaeffer) services been required? A. One month ago, had one office consultation for a cold, cured. Q. Have you ever consulted any other physician? A. No." It was clearly proved on the trial by evidence altogether uncontradicted and undisputed that every one of the foregoing answers was absolutely false. It is not necessary to repeat the testimony. The record abounds with it, and none of it was contradicted in the smallest degree. Prior to the Act of June 23, 1885, P. L. 134, the court below would undoubtedly have directed a verdict for the defendant upon the testimony as it stood. But upon the reading of that act the court was of opinion that the question of materiality of the answers must be determined by the jury, and. therefore left that question as to all the answers to the jury. Thus, the court said: "If those untrue statements related to some matter material to the risk, then they avoid the policy, and you must find for the defendant. . . . Did these untrue statements relate to some matter material to the risk? . . . In the light of these matters were the untrue statements material?" In every instance the learned judge called the statements "untrue statements," and he was entirely correct in so doing. But, supposing that, under the act of 1885, it was his duty to leave the question of materiality to the jury, he did so, and, as a matter of course, the jury, without paying the slightest attention, either to the materiality of the answers or to their falsity, found a verdict for the plaintiff for the full amount of the claim.

In a case of very recent occurrence, in which we have just filed an opinion (March v. The Metropolitan Life Insurance Co., infra, 629), we have had occasion to consider and decide this identical question. We there determined that the act of 1885 had

no application in cases where the answer was false, and related to some matter material to the risk. Where it was doubtful whether the matter was material, the question of materiality must be submitted to the jury, but where the matter involved was palpably and manifestly material to the risk, the law was not changed either by the act of 1885, or by any decision before or since. Thus, in the present case, all the questions above enumerated were intrinsically and essentially material to the risk, and have always been so held by all courts of last resort. As the act of 1885 made no change in the law where the matter in question was material to the risk, the duty of the court to pronounce upon this subject was the same after as before the act. As a matter of course there could not be any doubt that previous spitting of blood, or illness, or confinement to the house by reason of illness, or medical service, or the attendance of the physicians, or having consumption, were subjects of the most serious and material character, and they have always been so held by the courts. As it was always the duty of the court before the act of 1885 to determine the materiality of the question and answer in cases which were perfectly manifest and free from all doubt, and the act makes no change in the law in such cases, so the same duty remains since its passage. Without repeating the reasons for our decision expressed in the case above referred to, we are clearly of opinion that the present case is of the same character and comes within the same ruling.

The assignments of error are all sustained.

Judgment reversed and judgment is now entered in favor of the defendant with costs.