## Ida Louise Carlson, Appellee, v. Metropolitan Life Insurance Company, Appellant.

## Gen. No. 26,016.

INSURANCE—*effect of false representations as to matters known to agent.* Where a certificate of life insurance, by express provision, contained the entire contract between the parties, representations which were intentionally false, made in reply to interrogatories with respect to material matters and which misled the insurer into making the contract, rendered the contract void although the agent who solicited the contract knew of the falsity of such answers.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed. Opinion filed June 24, 1921.

HOYNE, O'CONNOR & IRWIN, for appellant.

HUGH R. PORTER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This suit was brought by appellee as beneficiary of an insurance policy issued by appellant company on the life of her son, Edwin, March 18, 1912, for $215.

The policy expressly provides that the company assumes no obligation unless on the date of its issuance the assured was alive and "in sound health," and that it is subject to conditions which are made a part of the contract. One of the conditions is that the policy contains the entire agreement, and that its terms cannot be changed except by a written agreement signed by the president or secretary of the company; and "therefore agents * * * are not authorized and have no power to make, alter or discharge contracts" of the company.

Another condition is that "unless otherwise stated

in the blank space below in a waiver signed by the secretary, this policy is void if the insured, before its date  *    *    *  has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease."

It was undisputed that prior to the date of the policy, from July 10, 1911, until February, 1912, the deceased was in a hospital and was attended and treated by one Dr. Gray for a pulmonary disease; that on leaving the hospital he remained at home until some time in May, 1913, when he went to Denver, where he died from such disease August 30, 1913.

It appears that the deceased made a written application for the insurance and signed it in the presence of the company's agent and the deputy who had solicited the insurance. Plaintiff offered evidence to the effect that the deceased was induced to make the application by said deputy with his full knowledge that the applicant had been in the hospital and claimed to be a sick man.

Attached to and part of the printed application are certain questions to be asked of the insured by the company's medical inspector. These questions were answered by the insured and his signature was placed beneath them. It appeared that where the policy is for less than $300 the company requires no medical examination, merely an "inspection," which was made, the physician certifying thereto and that he was of the opinion that the insured was in good health. It also appeared that both in appearance and weight the insured had at that time very much improved, and we find no evidence in the record that the certificate of the medical inspector was not made in good faith or that he knew of the actual condition or previous illness of the insured. He testified that the answers were given as written by him and signed by the insured, without knowledge on his part of their falsity.

By such questions the insured was asked for "names of all physicians who have attended within two years,

when and for what complaints." His answer was "None." To the question whether he had ever been under treatment in any hospital or other institution he answered "No." There was also evidence tending to show that plaintiff, the beneficiary, had reason to believe that the facts respecting her son's illness were to be concealed from the company.

The question arising, therefore, is whether if the company's deputy agent, who solicited the insurance, had knowledge of such facts, and the medical inspector did not, the policy is void?

Appellee contends that notice to such agent was notice to the company, and that the company cannot avoid the policy for a cause within the knowledge of its agent at the time it was issued, notwithstanding the express provisions of the policy above stated. But the law is to the contrary. It was said in *McVey v. Grand Lodge A. O. U. W.*, 53 N. J. L. 17, where the certificate sued on, as here, contained the entire contract between the parties, that representations made in reply to interrogatories which were intentionally false with respect to material matters and which misled the society into making the contract, rendered the contract void by force of ordinary legal principles. In *Campbell v. New England Mut. Life Ins. Co.*, 98 Mass. 381, the court said that such representations were the basis of the contract, its foundation on the faith of which it was entered into, and that "an untrue statement or denial of a material fact preceding or contemporaneous with a contract of insurance prevents the policy which is based upon it from taking effect as a contract whether the statement was made ignorantly and in good faith, or otherwise."

In *Gallant v. Metropolitan Life Ins. Co.*, 167 Mass. 79, the policy was issued by this appellant and contained the same provision that no obligation was assumed by the company unless at the time the policy was issued the insured "was alive and in sound health." The court said, notwithstanding a favorable

report upon the applicant by its examining physician, that if in fact the insured at the time was not "in sound health" the company was not liable on the policy, and that the fact could be shown by any competent evidence.

It was said in *Ketcham v. American Mut. Acc. Ass'n,* 117 Mich. 521, that "the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured, knows they are untrue, and calculated to deceive, and the application is to be forwarded to the company as the basis of its action. To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents." The same doctrine is stated in *Rockford Ins. Co. v. Nelson,* 65 Ill. 415: "The knowledge of the agent in such case would not be considered the knowledge of the company, because, if so engaged in defrauding his principal, he would not be presumed to have communicated the information to appellant." And in a suit against the same company, *Gorman v. Metropolitan Life Ins. Co.,* 158 N. Y. App. Div. 682, the court said what applies to the facts in the instant case:

"Notice to an agent is not notice to the principal unless the agent's knowledge is acquired in connection with his acts as agent, and it clearly appears in this case that the soliciting agents were not called upon to know anything of the physical condition of the applicant, all inquiries in this regard being made by the medical examiner."

Further citations seem unnecessary. We find no conflict with these principles in decisions of this State. As, therefore, for the reasons above stated, upon undisputed facts the policy was void and plaintiff could not recover thereon, the court erred in not granting defendant's motion for a directed verdict in its favor. Accordingly the judgment will be reversed.

*Reversed.*

GRIDLEY and MATCHETT, JJ., concur.