FLOORE v. MOORE.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1923.)

No. 4173.

Bankruptcy ⏘166(5)—A creditor, for whom bankrupt, as agent, accepted preferential security from himself, held affected by his knowledge of his insolvency.

Where bankrupt acted as his mother's agent for lending and collecting her money, under a power of attorney, and made loans of her money to himself, for which he executed notes, but kept them in his possession, in

⏘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

accepting on her behalf a trust deed securing such notes, executed by himself within four months prior to his bankruptcy, he acted as her agent, and she was affected by his knowledge of his insolvency.

Appeal from District Court of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

Suit in equity by J. M. Moore, trustee in bankruptcy of John W. Floore, Jr., against Mrs. Florence C. Floore. Decree for complainant, and defendant appeals. Affirmed.

W. M. Odell, of Fort Worth, Tex. (Goree, Odell & Allen, of Fort Worth, Tex., on the brief), for appellant.

J. D. Kugle, of Dallas, Tex., C. L. McCartney, of Brownwood, Tex. (W. Poindexter, E. A. Rice, of Cleburne, Tex., and McCartney, Foster & McGee, of Brownwood, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is an appeal from a decree canceling a lien upon certain real estate created by a deed of trust from John W. Floore, Jr., to his mother, the appellant. Cancellation of the deed of trust was sought and decreed upon the grounds that it created a preference in favor of the appellant over other creditors of the same class, and that the appellant, through her son as her agent, had reasonable cause to believe that such preference would be created.

For at least ten years John W. Floore, Jr., had been appellant's general agent under a power of attorney authorizing him to collect and receive all sums of money which should become payable to her. He made loans of her money without consulting her, and took such securities as he thought were proper. He made loans to himself of appellant's money, executed notes as evidence thereof, but kept the notes in his possession. About a month before the deed of trust was executed. the appellant left Texas and went to California. Before going, however, she requested her son to give her security for his indebtedness to her, which at that time was about $20,000, and was assured by him that he would comply with her request. She learned, shortly after the execution of the deed of trust, that it had been executed, but her son kept it and the note it was given to secure in his possession. She did not select the property given as security.

John W. Floore, Jr., was insolvent, and knew it, at the time he executed the deed of trust, but at that time the appellant had no personal notice or knowledge or reasonable cause to believe that he was insolvent. Within four months after the execution of the deed of trust, John W. Floore, Jr., filed his voluntary petition in bankruptcy, and thereupon was immediately adjudicated a bankrupt. He was hopelessly insolvent, and there are not enough assets to pay his general creditors, whether the property described in the deed of trust be included or not.

It is contended on behalf of the appellant that the bankrupt's knowledge of his insolvency cannot be imputed to her, because in taking the deed of trust he was not acting as her agent. The deed of trust was executed to secure a past-due indebtedness. The appellant did not act at all in taking the security in question unless she acted through

the bankrupt. The bankrupt both gave the security in his individual capacity, and accepted it as agent for the appellant. He was the sole actor in the matter. He had no adverse interest to conserve. In such circumstances, we are of opinion that the bankrupt acted as appellant's agent, and that she is bound by his knowledge of his own insolvency. Wright v. Cotten, 140 N. C. 1, 52 S. E. 141; Rogers v. American Halibut Co., 216 Mass. 227, 103 N. E. 689. See, also, Mays v. First State Bank (Tex. Com. App.) 247 S. W. 845; First National Bank v. Burns, 88 Ohio St. 434, 103 N. E. 93, 49 L. R. A. (N. S.) 764; First National Bank v. Blake (C. C.) 60 Fed. 78. In the cases relied on by the appellant it appears either that there was some one else besides the agent acting for the creditor, or that the agent assumed to act as common agent for both principals.

The decree appealed from is affirmed.