# Martin *v.* Prudential Insurance Co., Appellant.

*Insurance—Life insurance policies — Statements of examining physician—Medical consultations—Proof of death—Variance with statements contained in application—Conclusiveness.*

In an action on a policy of life insurance, where the company set up as a defense that the insured had consulted a physician within three years prior to the application, and had stated to the contrary in making such application, proofs of death are admissible as prima facie evidence of such consultation, when they averred that the same were made, but they are not conclusive.

The statements made by the insured in answer to the questions relating to medical attendance within the three-year period were material to the risk and, if untrue, would void the policy. The statements in the proof of death to the effect that these consultations had been made, shifted the burden to the plaintiff of proving that the insured had not consulted a physician within the period. Where, however, the issue is one of fact, and there is positive testimony on the part of the plaintiff, that no such consultation had been made, the case is for the jury and a verdict for the plaintiff will be sustained.

Argued March 5, 1924. Appeal, No. 33, Feb. T., 1924, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1920, No. 859, on verdict for plaintiff, in the case of Fannie E. Martin v. Prudential Insurance Company of America. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTRHROP, JJ. Affirmed.

Assumpsit on policy of life insurance. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,172.50 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*A. A. Vosburg* and *R. B. Sheridan,* and with them *E. F. McGovern* and *James H. Guest,* for appellant.— Where there is no evidence from which the jury can properly find for the party upon whom the burden of proof rests, the question should be withdrawn from the jury by a binding charge: Hyatt v. Johnston, 91 Pa. 196; Angier v. Eaton, 98 Pa. 594; Eckert v. Flowry, 43 Pa. 46; Jones v. Pierce, 134 Pa. 533; Wingerd v. Fallon, 95 Pa. 184.

The proofs of death showed the falsity of the representations made in the application and a verdict should

have been directed in favor of defendant: McEntee v. N. Y. Ins. Co., 79 Pa. Superior Ct. 457; Meyer-Bruns v. Insurance Co., 189 Pa. 579; Gordon v. Prudential Ins. Co., 231 Pa. 404; Furey v. Metropolitan Life Ins. Co., 49 Pa. Superior Ct. 592.

*Adrian H. Jones,* for appellee.—The truthfulness of the representations of the insured, as contained in the application, were for the jury: Felix v. Fidelity Mutual Life Insurance Co., 216 Pa. 95; Holleran v. Life Assurance Co., 18 Pa. Superior Ct. 573; Baldi v. Metropolitan Insurance Co., 24 Pa. Superior Ct. 275; Lewis v. Metropolitan Life Ins. Co., 57 Pa. Superior Ct. 406; Clark v. Metropolitan Life Ins. Co., 62 Pa. Superior Ct. 192.

OPINION BY GAWTHROP, J., July 2, 1924:

This is an action upon a policy of insurance issued in October, 1919, on the life of Reuben Martin, the plaintiff's husband. By the express terms of the policy, the statements and answers made to the company's medical examiner were made a part of the contract. Amongst the questions and answers endorsed on the policy, and which were made part thereof, was the following: "9. Give names of all physicians who have attended you within the past three years; on what dates and for what complaint. None." The insured died on February 8, 1920. The proofs of death furnished after the death of the insured by the plaintiff to the defendant contained the following questions and answers. The beneficiary was asked: "What physicians have attended or treated the insured during the past three years? She answered: "Dr. Dessen, W. Diamond Ave., Hazleton, Pa." Dr. W. S. Carter, Deputy Coroner, was asked: "Had any other physicians been consulted before you, or was any associated with you during his last illness? If so, give the names and addresses." He answered: "Dr. Dessen, seven months previous." Dr. Dessen was asked: "Were you consulted or did you give treatment for any im-

portant ailment prior to last illness? If so, give dates and particulars of disease." He answered: "July 7, 1919, chronic myocarditis." "State fully and particularly any other facts or circumstances within your knowledge bearing on the case." Answer: "Deceased saw me July, 1919. He then had a slight myocardial regurgitation from excess of smoking. I warned him about it and gave treatment." It is conceded that the statement made by the insured in answer to the question relating to medical attendance within the past three years was material to the risk and, if untrue, would avoid the policy. If these statements in the proofs of death were correct, then the insured had been attended by a physician within three years of the time he made his application, and the policy would be invalidated.

At the trial the plaintiff offered the proofs of death for the specific purpose of showing that such proofs had been furnished as a condition precedent to bringing the action. The sole defense raised, as stated by counsel for the defendant in the court below, was that the statement of the insured in his application, that he had not been attended by a physician within three years of the date thereof, was false. The defendant offered in evidence generally the proofs of death, and called Dr. Dessen, who testified that he treated the insured in July, 1919. The recitals of the proofs of death were evidence in favor of the company, but they were not conclusive upon the plaintiff. It was competent for her to explain, qualify or contradict them: Felix v. Fidelity Mut. Life Ins. Co., 216 Pa. 95; Baldi v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 275, and 30 Pa. Superior Ct. 213. The statements in the proofs of death shifted to the plaintiff the burden of proving that the insured had not been attended by Dr. Dessen within the three-year period preceding the application.

The appellant complains that the evidence was insufficient to sustain the burden thus placed upon the plaintiff; that it was entitled to binding instructions at the

trial, and that it was error to refuse to enter judgment n. o. v.   In order to sustain the burden cast upon her by the recitals in the proofs of death, the plaintiff testified that Dr. Dessen did not attend her husband at their home at any time, and that he was not away from his house or place of business in July, 1919, for a period sufficiently long to enable him to visit the doctor's office.   She and her son and daughter testified to a conversation which the plaintiff had with Dr. Dessen about a month after the proofs of loss had been furnished to the company, in which the doctor stated that he had never attended the insured; that he never treated him for anything and that he made the statement in the proofs of death, as to the cause of death, in order that an autopsy might be unnecessary; that the beneficiary should sue the company and he would be a witness for her.   Dr. Dessen testified that the statement in the proofs of death by the coroner, Dr. Carter, that Dr. Dessen had attended the deceased seven months before, was made upon information furnished by him, Dr. Dessen.   The assistant superintendent of the defendant company testified that he secured the plaintiff's signature to the proofs of death on the day following the death of the insured, but that the statements of Dr. Dessen and the coroner were not submitted to the plaintiff.   The plaintiff testified that she could neither read nor write English and that when she signed the proof of loss, she did not know what it contained.   A witness testified that the statement made by the plaintiff in the proof of loss was written by an agent of the company, but that it was not read to her.   We all agree that, in the light of this evidence, the question whether the insured was attended by Dr. Dessen within the three-year period prior to the application for the policy was for the jury, and that the learned trial judge left that question to them with proper instructions.   He would not have been warranted in holding that the statements in the proofs of death favorable to the company were not sufficiently explained.   There is no merit

in the assignments which complain of the admission of any of the evidence offered by the plaintiff to explain and contradict the proofs of loss.

All of the assignments of error are overruled, and the judgment is affirmed.