## Monaghan *v.* Prudential Insurance Co., Appellant.

*Insurance—Life insurance—Policies—Terms of—Delivery in good health.*

Proofs of loss furnished under policies of insurance are only prima facie evidence of the statements therein conveyed. Such is the rule whether the statements are made by the claimant or some other person.

In an action on a policy of insurance, the evidence established that the policy was delivered on the afternoon of May 29th and that the insured was taken ill later in the same day and died the following morning. In such case the defense that the policy was not delivered in good health raised an issue of fact which was properly submitted to a jury and the claimant was entitled to prove the actual facts irrespective of the statements in the proofs of loss.

Argued March 7, 1927. Appeal No. 23, February T., 1927, by defendant from judgment of the C. P. Luzerne County, May T., 1921, No. 348, in the case of James Monaghan v. Prudential Insurance Company of America. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on policy for insurance. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,350 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence,

the charge of the Court and refusal of defendant's motion for judgment n. o. v.

*A. A. Vosburg,* and with him *Richard B. Sheridan,* for appellant, cited: Ins. Co. v. Newton, 22 Wallace 32; Felix v. Ins. Co., 216 Pa. 95, page 99; Campbell v. Ins. Co., 10 Allen (Mass.) 213 at page 219; Irving v. Ins. Co., 1 Bos'W. (N. Y.) 507 at page 514; McSparrin v. Ins. Co., 193 Pa. 184 at page 190; Brumbaugh v. Ins. Co., 20 Pa. Superior Ct. 144, page 147.

*A. T. Walsh,* and with him *Frank A. McGuigan,* for appellee, cited: Bradley v. Jno. Hancock Mt. Life Ins. Co., 20 App. Div. 22 and 26; 44 L. R. A. (old series) 846; Prettyman v. Mutual Life Ins. Co., 89 Pa. Superior Ct. 167; Baldi v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 287; Lebanon Mutual Ins. Co. v. Kepler, 106 Pa. 28; Fisher v. Fidelity Mutual Life Ins. Co., 188 Pa. 1.

OPINION BY TREXLER, J., April 22, 1927:

This is an action of assumpsit brought by James Monaghan, the beneficiary, of a joint insurance policy for $1,000, dated May 20, 1920, on the lives of Patrick Parks and James Monaghan, payable to the survivor. There was proof that the policy was delivered to the insured at 6:00 P. M. on the evening of May 29th and that he was taken suddenly ill about 8:45 P. M. of the same day and died at 8:00 A. M. the next morning. The jury was warranted in bringing in a verdict for the plaintiff.

The defendant, however, takes the position that the plaintiff should not have been allowed to prove the above facts for the reason that in the proofs of loss submitted there is contained in the certificate of the attending physician a statement that he was called to attend Patrick Parks, late in the afternoon of May 29th and that accordingly the policy not being delivered

until later in said day, he was not then in good health and therefore, there could be no recovery and that as preliminary to the introduction of evidence to contradict the proofs of death offered by the plaintiff, the claimant must first show mistake or fraud.

We may notice in the first place, that in the certificate of the doctor which forms part of the proofs of death, there seems to be some discrepancy. In answer to the eighth question "How long had you been the medical attendant or advisor of the insured?" he answered "The evening of May 29, 1920." Tenth, "When were you first consulted regarding the impairment of health which, directly or indirectly, caused death?" The answer "Late afternoon, May 29, 1920." If his attendance on the insured began the evening of May 29th, it is difficult to see how he was first consulted regarding the health of the insured "late afternoon" on that day. It might be possible for a doctor to be consulted about the state of health of a person prior to his attending him, but the facts to be disclosed in a declaration of this kind are those derived from personal contact with the deceased. This confusion in the statement as to the hour when the doctor first saw the patient weakens its probative value and opens the door to an accurate ascertainment of that fact.

If, however, we assume that the purport of the doctor's certificate is that the insured became ill late in the afternoon of May 29th, this would not preclude the plaintiff from proving the contrary. The Pennsylvania cases hold that the proofs of loss furnished by the plaintiff are only prima facie evidence of the statements therein contained. This is the rule even where the statements are made by the claimant and, a fortiori, the rule applies where the statement is made by some one other than the claimant, whose certificate is required to be filed as part of the proofs of loss. It would be a harsh rule that would bind the claimant to

a statement made by a doctor which would prevent re-
covery notwithstanding the claimant would be in pos-
session of facts, the proof of which would show that
the doctor's statement was either falsely or inaccur-
ately made.

In the case of Baldi v. Metropolitan Life Insurance
Company, 24 Pa. Superior Ct. 275, this court recog-
nized the principle that notwithstanding the statements
of the proofs of loss, the insured or his beneficiary may
show the truth. It was there pointed out that the
claimant had no selection of the witness, he had no
option in that regard and that he is not bound by the
statements made but can offer any evidence to contra-
dict or vary them: Martin v. Prudential Insurance
Co., 83 Pa. Superior Ct. 509. Supporting the same
principle are the following cases: Holleran v. Life As-
surance Company of America, 18 Pa. Superior Ct. 573;
Martin v. Prudential Insurance Co., 83 Pa. Superior
Ct. 509; Siebelist v. Metropolitan Life Insurance Co.,
19 Pa. Superior Ct. 221; Baldi v. Metropolitan Life
Insurance Co., 30 Pa. Superior Ct. 215; South Side
Trust Co. v. Eureka Life Insurance Co., 74 Pa. Su-
perior Ct. 566; Lewis v. Metropolitan Insurance Co.,
57 Pa. Superior Ct. 408. The learned trial judge has
noted that the great weight of authority in other juris-
dictions is with the above doctrine and refers to the
authorities cited in the notes to John Hancock Mutual
Life Insurance Co. v. Dick, 44 L. R. A. 846.

The assignments of error are overruled. The judg-
ment is affirmed.