**MARYLAND CASUALTY CO. OF BALTIMORE, MD., v. QUEENAN.**

**No. 1479.**

Circuit Court of Appeals, Tenth Circuit.

March 24, 1937.

W. E. Green, of Tulsa, Okl. (J. C. Farmer and Robert J. Woolsey, both of Tulsa, Okl., on the brief), for appellant.

J. I. Howard, of Pawhuska, Okl., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Queenan, as receiver of the First National Bank of Fairfax, Oklahoma, hereinafter called the Fairfax Bank, brought this action against the Maryland Casualty Company on a fidelity bond issued by the Casualty Company.

By such bond the Casualty Company agreed to reimburse the Fairfax Bank for any loss, not exceeding $5,000.00, sustained by the Fairfax Bank by reason of "any act or acts of fraud, dishonesty, forgery, embezzlement, wrongful abstraction, or wilful misapplication on the part of" C. E. Ashbrook as cashier of the Fairfax Bank.

A liability of $800 was recognized and paid by the Casualty Company. The petition contained twelve counts, each charging a separate embezzlement by Ashbrook of the funds of the Fairfax Bank. Counts 7 and 8 were dismissed at the trial.

Ashbrook was treasurer of the City of Fairfax and guardian of one Charles Fletcher. He carried an account as city treasurer and also a personal account in the Fairfax Bank. He carried his account as guardian in the Fairfax National Bank.

The transactions involved may be grouped in two classes.

Typical of class 1 is the transaction alleged in count 1, with respect to which the facts are these:

On March 2, 1931, Ashbrook as city treasurer, received a warrant from the county clerk for $1,546.90. He immediately forwarded it to the First National Bank & Trust Company in Oklahoma City, a correspondent of the Fairfax Bank for deposit to the credit of the latter, and credit was given as directed. At the same time he deposited $670.45 to his credit as city treasurer and issued a cashier's check payable to himself for $876.45. The cashier's check was cashed on May 11, 1931, and on the same day his personal account was credited with $535.00 and a new cashier's check issued to his order for $341.45. On May 13, 1931, the last mentioned cashier's check was cashed and the individual account of Ashbrook was credited with $330.-00, the deposit ticket showing a cash withdrawal of $11.45.

Typical of class 2 is the transaction alleged in count 9, with respect to which the facts are these:

On September 29, 1925, Ashbrook debited his account as city treasurer with $8,000.00. No check or charge slip was found in the records of the Bank after it went into liquidation, the only record being the debit entry on the ledger sheet. On the same day he drew a draft on the Fidelity National Bank of Kansas City, Missouri, a correspondent of the Fairfax Bank, for $8,000.00 payable to the Fairfax National Bank and deposited it to his account as guardian in the Fairfax National Bank.

From a judgment in favor of the receiver for $4,200.00 the Casualty Company has appealed.

The Casualty Company contends that in all the transactions Ashbrook acted as city treasurer, that he either withdrew or withheld from deposit funds as city treasurer and embezzled them from the City, and that the Fairfax Bank incurred no liability on account thereof.

In the transaction alleged in count 9 Ashbrook drew a draft on Fidelity National Bank payable to the Fairfax National Bank and charged the account of the City with the amount of the draft. He gave no check as city treasurer for the withdrawal. He in effect embezzled $8,000.00 of the funds of the Fairfax Bank and made a charge against the account of the City to offset it. In issuing the draft and making the entry in the account of the City, he acted as an officer of the Fairfax Bank, not as city treasurer. Nor is the contention that the Fairfax Bank lost nothing by the transaction well founded. If we assume that Ashbrook as city treasurer authorized himself as cashier of the Fairfax Bank to make the charge; Ashbrook knew he was without authority as city treasurer to authorize the charge and his knowledge will be imputed to the Fairfax Bank.

It is a well settled general rule that notice to, or knowledge of, an agent while acting within the scope of his authority and in reference to a matter over which

his authority extends, is notice to, or knowledge of, his principal.[1]

In the Restatement of the Law-Agency, § 272, the rule is stated:

"In accordance with and subject to the rules stated in §§ 273-282, the liability of a principal is affected by the knowledge of an agent concerning a matter as to which he acts within his power to bind the principal or upon which it is his duty to give the principal information."

Certain qualifications of the general rule are equally well settled. Mechem on Agency (2d Ed.) §§ 1803, 1813-1826. A principal is not chargeable with or bound by notice to, or knowledge of, an agent as to matters involved in a transaction in which the agent deals with the principal or another agent of the principal as, or on account of, an adverse party. The exception applies when the agent is engaged in prosecuting some fraudulent or illegal enterprise, the success of which would be impaired or defeated by the disclosure to his principal of the notice or knowledge sought to be imputed.[2]

A qualification of the exception is recognized where the agent, although engaged in perpetrating an independent fraudulent act on his own account, is the sole representative of the principal and the principal, with knowledge of the facts, retains the fruits of the transaction.[3]

In such a case the principal is impaled on the horns of a dilemma. If he disclaims the agent's act as unauthorized, he has no grounds to retain the fruits thereof; on the other hand, if he retains the fruits of the agent's act, after knowledge of the facts, he must in fairness be charged with the agent's knowledge.

The reason for the qualification is stated in Mechem on Agency (2d Ed.) p. 1412 as follows:

"The real ground upon which the situation rests is—, that where the agent is the sole representative of the corporation, the corporation can not claim anything except through him and that therefore if it claims through him, after notice of the facts, it must accept his agency with its attendant notice."

Here the Fairfax Bank can only claim the benefit of the charge in the City's account through the act of Ashbrook. After knowledge of the facts, its position not having changed, it may not accept the benefits of the act without accepting Ashbrook's agency and being charged with his knowledge. See cases cited, Notes, 48 A.L.R. 465 and 86 A.L.R. 537.

If it accepts the act it must make restitution to the City and will suffer a loss of $8,000.00. If it rejects the act, it will suffer a like loss due to Ashbrook's embezzlement.

Since the items in the second class are in excess of the penalty of the bond it is not necessary to consider the question of liability on the items in the first class.

The judgment is affirmed.

---

[1] Curtis, Collins & H. Co. v. United States, 262 U.S. 215, 222, 43 S.Ct. 570, 572, 67 L.Ed. 956; Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 622, 36 S.Ct. 676, 60 L.Ed. 1202; Maryland Casualty Co. v. Tulsa Industrial L. & Inv. Co. (C.C.A. 10) 83 F.(2d) 14, 16, 105 A.L.R. 529.

[2] Maryland Casualty Co. v. Tulsa Industrial L. & Inv. Co. (C.C.A. 10) 83 F. (2d) 14, 16, 105 A.L.R. 529; Ohio Miller's Mut. Ins. Co. v. Artesia State Bank (C.C.A. 5) 39 F.(2d) 400, 402; Zeidel v. Connecticut General L. Ins. Co. (D.C. Pa.) 44 F.(2d) 843. 844; Restatement of the Law, Agency, § 279; American Surety Co. v. Pauly, 170 U.S. 133, 150, 18 S.Ct. 552, 42 L.Ed. 977; Dixie Guano Co. v. Wessel (C.C.A. 4) 296 F. 433, 435.

[3] Atlantic Cotton Mills v. Indian Orchard Mills, 147 Mass. 268, 17 N.E. 496, 501, 9 Am.St.Rep. 698; Ætna Casualty & S. Co. v. Local Bldg. & L. Ass'n, 162 Okl. 141, 19 P.(2d) 612, 616, 86 A. L.R. 526; National Bank of San Mateo v. Whitney, 40 Cal.App. 276, 180 P. 845, 848; Evona Inv. Co. v. Brummitt, 66 Utah, 82, 240 P. 1105, 1111; State Bank of Pamplin v. Payne, 156 Va. 837, 159 S.E. 163, 165; Maryland Casualty Co. v. Tulsa I. L. & Inv. Co. (C.C.A. 10) 83 F.(2d) 14, 17, 105 A.L.R. 529; Note, 2 L.R.A.(N.S.) 994; Note, 86 A.L.R. 537; Restatement of the Law-Agency; Tremont Trust Co. v. Noyes, 246 Mass. 197, 141 N.E. 93, 98; Munroe v. Harriman (C.C.A. 2) 85 F.(2d) 493, 495; Knobley Mountain Orchard Co. v. People's Bank of Keyser, 99 W.Va. 438, 129 S.E. 474, 475, 476, 48 A.L.R. 459; First National Bank v. Blake (C.C.Or.) 60 F. 78, 79; Note, 48 A.L.R. 464.