RUBICON OPERATING CORPORATION, Respondent, v. W. A. RUTHERFORD CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

BERTRAND H. SNELL and Others, Respondents, v. CITY OF LONG BEACH, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

ANNA ADLER, as Administratrix, etc., of ALFRED E. ADLER, Deceased, Appellant, v. MATTHEW J. BURNS, Respondent.— Action to recover damages for the wrongful death of plaintiff's intestate, alleged to have been caused by the negligent operation of respondent's automobile. Order granting reargument and upon reargument again denying plaintiff's motion for a preference, except over the February, 1942, issues, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

JOHN BOSTKO, Respondent, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Action on a policy of insurance to recover under a provision relating to accidental death benefits. Order of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in favor of the plaintiff, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

HOMER H. BRELAND, Appellant, v. RAYMOND GRAY, Respondent.— In an action to recover damages for false arrest, the answer admits all the allegations of the complaint except as to damages, and contains a separate defense that the arrest was made in the course of public duty. Order denying plaintiff's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. The unresolved factual issues preclude the granting of judgment on the pleadings. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of FLORENCE COFFEY, Respondent, v. JULIUS OPPENHEIMER, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], adjudging the defendant to be the father of a child and directing payment of a weekly sum of money for its support and education, and order denying defendant's motion for a new trial, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

BENJAMIN FINKEL, as Trustee in Bankruptcy of MORRIS KRESCH, Appellant, v. SAMUEL KREEGER and THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondents.— In an action by a trustee in bankruptcy to recover a payment to an unsecured creditor as a voidable preference, made by the bankrupt shortly before his adjudication in bankruptcy, judgment dismissing the complaint reversed on the facts and a new trial granted, with costs against defendant Kreeger to abide the event. The finding that defendant Kreeger did not have reasonable cause to believe that the debtor was insolvent at the time the payment in question was made is against the weight of the evidence. If it also is established on the new trial that in making the payment the bankrupt himself, while insolvent, did so as agent for the defendant Kreeger, the knowledge of the agent is that of the principal. (U. S. Code, tit. 11, § 96, subd. [b]; *Floore* v. *Moore,* 294 Fed. 680; *Pender* v. *Levine,* 44 F. [2d] 819.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.