## Timlin *v.* American Patriots, Appellant.

*Insurance—Life insurance—Application—False statement of a. material fact—Evidence—Judgment n.. o. v.*

Where in an action on a life insurance policy it appeared that insured had stated in her application that the last physician to attend her had treated her at a time when he was shown by uncontroverted and unimpeachable evidence to have been dead, there was a false statement of a material fact and the lower court should have directed a verdict for defendant.

Lonzer v. Lehigh Valley Railroad Co., 196 Pa. 610, followed.

·Argued Feb..8, 1915. Appeal, No. 143, Jan. T., 1914,. by defendants, from judgment of C. P. Chester Co., Jan. T., 1914, No. 2, on verdict for.plaintiff in case of Anthony Timlin v. American Patriots. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Reversed.

Assumpsit on life insurance policy. Before BUTLER, J.

The. opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,695 and judgment thereon. Defendant appealed. ·

*Errors assigned,* among others, were in refusing to di-, rect a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*J. Frank E. Hause,* with him *Fred W. Lidstone* and *H. H. Gilkyson,* for appellant.

*Michael A. McGinley,* with him *William M. Hayes* and *J. Carroll Hayes,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, May 17, 1915:

On Jan. 17, 1911, Sarah Timlin made application in writing to the American Patriots, an insurance company, for a policy on her life for $2,000, and named the appellee, her son, as the beneficiary. She warranted her answers to the questions in the application to be true. In pursuance of it a policy was issued on January 23, 1911. She died the following December. In reply to certain questions in the application she answered that she had not consulted a physician for eight years; that her last medical attendant had been Dr. McLean, who was dead, and that he had attended her in childbirth. In this action the defense of the insurance company is that the answers of the insured to material questions in the application were false, barring the right of the appellee to recover.

Three physicians called by the defendant company testified that they had treated the deceased professionally during the five years preceding January, 1911. One of these witnesses, Dr. John J. Sullivan, testified that he had been her regular physician from 1885 until the summer of 1907; that he had attended her in June of that year and found her suffering from Bright's disease and heart trouble; that he advised her to consult a specialist, and that she had done so. Dr. John B. Corser, the specialist who was consulted, testified that he found her suffering from kidney trouble. The third physician, Dr. Herman Bessey, testified that he had attended her in the

fall of 1909, and prescribed treatment for her ailment, which he said was chronic Bright's disease. The jury were instructed by the learned trial judge that, if they credited the testimony of these three witnesses, deceased had made materially false statements in her application for the policy which was issued to her, and there could be no recovery by the beneficiary. In so instructing them they were clearly given to understand that there was no reason to doubt the veracity of the three witnesses, but they capriciously did so and returned a verdict in the face of positive evidence that the plaintiff was not entitled to recover under the law as it was announced to them. In the opinion denying judgment for the defendant n. o. v. the learned trial judge thus refers to the testimony disregarded by the jury: "The testimony of the three physicians called by the defense was, we think, convincing that they had attended the insured since 1901, and should have been accepted by the jury as establishing her misrepresentation as to medical attendance. So believing, the trial judge, as an examination of the charge will show, went about as far toward imposing this view on the jury as was possible, short of giving binding instructions." The defendant moved not only for judgment n. o. v., but for a new trial, and the trial judge, having been of opinion that the case was for the jury, should have sent it to a second one, which hardly would have followed the first in returning a verdict in defiance of the evidence. For reasons, however, about to be given, the right of the defendant was to judgment, notwithstanding the inexplicable verdict returned against it.

The insured stated in her application that she had last consulted or been attended by a physician eight years before January 17, 1911; that this physician had been Dr. McLean, and he had attended her in childbirth. She warranted these answers to be true, and the jury were correctly instructed that they were material in making the contract of insurance. A further instruc-

tion ought to have been that they had undoubtedly been proven to be false, and the contract of insurance based upon them was, therefore, void.  The plaintiff testified that his mother's last child, a daughter, still living, was born February 16, 1901—two years before the mother stated in her application that she had been last attended by a physician in childbirth.  She stated that Dr. Mc-Lean had been that physician.  He died May 8, 1897.  This was a fact so conclusively established that the court ought to have told the jury that the statement of the insured, that he had attended her in 1902 or 1903, was false.  Strange as is the finding of the jury that no credence could be given to the testimony of the three physicians, who testified that they had treated the deceased for a serious trouble during the last four or five years of her life, still stranger is their finding that Dr. Mc-Lean was living in 1902 or 1903, at the time deceased said she gave birth to her last child.  Dr. Herman Bessey testified that he and Dr. McLean had been classmates; that they had lived and practiced their profession in the same city; that he was one of the physicians who attended Dr. McLean at the time of his death, and that it occurred on May 8, 1897.  Here was positive proof of a material fact—the date of a death—established by the best evidence, the testimony of the physician who attended the deceased in his last sickness.  How could the date of his death have been more satisfactorily established?  The witness whose testimony established it was utterly disinterested in this controversy.  There was no attempt to impeach his testimony, and there is not even a hint that he was unworthy of belief.  On the contrary, the witness is corroborated by Dr. Sullivan, who testified that he delivered the insured of her last child and that it was born February 16, 1901,—the date admitted by the plaintiff.

The testimony offered by the defendant to defeat a recovery against it was of a nature to do so; the date of the death of Dr. McLean, as established by the testimony

of Dr. Bessey, was not at variance with any proved or admitted fact, and there was no ground for doubting the candor of the witness who fixed it.   The jury ought not to have been permitted to capriciously disbelieve him on a material matter, but should have been instructed that the plaintiff could not recover: Lonzer v. Lehigh Valley Railroad Company, 196 Pa. 610; Keiser v. Lehigh Valley Railroad Company, 212 Pa. 409; Schley v. Susquehanna & New York R. R. Co., 227 Pa. 494.   After the failure of the trial judge to affirm defendant's third point, asking for binding instructions in its favor, the court should subsequently have entered judgment for it on the whole record.   The second assignment of error is sustained, the judgment is reversed and is here entered for the defendant.