## Oplinger v. New York Life Insurance Company, Appellant.

*Insurance—Life insurance—Statements in application—Falsity —Effect—Rescission—Evidence—Declarations of insured—Charge.*

1. After the death of the insured a life insurance company cannot change the status of the beneficiary by an attempted rescission of the insurance contract.

2. The declaration of an insured made after the policy had gone into force cannot be received in evidence to affect the right of the designated beneficiary in a suit by the latter to enforce the contract of insurance.

3. In an action on a life insurance policy brought by the beneficiary named therein the defense was that deceased had made false statements in his application as to the state of his health, and the testimony as to the verity of the statements made by the insured was conflicting. The trial judge excluded evidence of declarations made by the insured concerning the state of his health after the

policy was issued and charged that if the insured prior to his application suffered from designated ailments of whose character he would surely be cognizant, then the verdict must be for the defendant, but that if he suffered from certain ·other ailments, of a kind he might have had without being aware of the fact, then the good faith of his answers would depend upon his knowledge. The jury found a verdict for the plaintiff upon which judgment was entered. *Held,* no error.

Argued March 6, 1916. Appeal, No. 255, Jan. T., 1915, by defendant, from judgment of C. P. Northampton Co., April T., 1914, No. 41, on verdict for plaintiff, in case of Emma J. Oplinger v. New York Life Insurance Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,376.66 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, rulings on evidence and instructions to the jury.

*Edward J. Fox* and *James H. McIntosh,* of the New York Bar, with them *James W. Fox,* for appellant.—The revision of the contract was permissible because the company was induced to make the contract by misrepresentation and concealment: Lake v. Weber, 6 Pa. Superior Ct. 42; Canadian Agency, Ltd., v. Assets Realization Co., et al., 165 N. Y. App. Div. 96; Adams, et al., v. Reed, et al., 40 Pac. Repr. (Utah) 720; Smith v. Columbus Buggy Co., 123 Pac. Repr. (Utah) 580; Hicks v. Stevens, 11 N. E. Repr. (Ill.) 241; Smith v. Richards, 38 U. S. 26; Leavitt, et al., v. Sizer, 52 N. W. Repr. (Neb.) 832; Gardner, et al., v. Mann, et al., 76 N. E. Repr. (Ind. App.) 347; Bankers' Life Ins. Co. of New York City v. Miller,

59 Atl. Repr. 116; State Life Ins. Co. v. Jones, 92 N. E. Repr. (Ind. App.) 879; Armour v. Transatlantic Fire Ins. Co. of Hamburg, 90 N. Y. 450; Rakob v. Bankers' Life Ins. Co. of N. Y., 164 N. Y. App. Div. 645; Knickerbocker Life Ins. Co. v. Trefz, 104 U. S. 197; Estes v. World Mutual Life Ins. Co., 6 Hun (N. Y.) 349; New York Life Ins. Co. v. Weaver's Adm'r, et al., 70 S. W. Repr. 628.

The testimony of doctors as to conversation with the insured which took place subsequent to the time of the issuance of the policy was improperly excluded.

*Calvin F. Smith,* of *Smith, Paff & Laub,* with him *Thomas D. Danner,* for appellee.—The case was for the jury, the evidence being conflicting as to the truth or falsity of the statements contained in the application for the policy.

The evidence of the physician as to the declarations made by decedent, subsequent to the issuance of the policy, was properly excluded: Smith v. Lehigh Valley R. R. Co., 232 Pa. 456.

OPINION BY MR. JUSTICE MOSCHZISKER, April 17, 1916:

On February 24, 1913, the defendant company issued a policy of insurance on the life of Allen A. Oplinger, naming Emma J. Oplinger, his wife, as beneficiary. An authorized medical examiner of the insurance company certified that Mr. Oplinger was free from all ailments at the time of his examination. In March, 1913, the insured had an attack of influenza; later, as a result of over-exertion, he suffered a chill, and subsequently developed bronchitis, heart trouble and Bright's disease; he died in January, 1914.

January 22, 1914, the defendant company notified the beneficiary that it rescinded the contract of insurance, on the grounds of fraudulent misrepresentations and concealment of material facts by the insured; at the same

time it tendered a return of the premiums amounting to $230.01, which tender was refused. Suit was then brought by Mrs. Oplinger; the defendant averred its rescission of the contract, and paid the $230.01 into court. The verdict favored the plaintiff, judgment was entered thereon, and the defendant has appealed.

The application for insurance showed that Mr. Oplinger was asked whether he had ever had any disease of the heart, lungs, stomach, intestines, liver, kidneys or bladder, to which he replied, "No"; that he was requested to give the names and addresses of physicians consulted by him, and gave none; further, that he was interrogated as to whether he had consulted any physician for any illness or ailment not mentioned in the application, and replied in the negative.

The testimony as to the verity of these answers, and the good faith of Mr. Oplinger in making them, was conflicting. In submitting the issues arising out of this conflict, the trial judge instructed the jury that the evidence, pro and con, was for them to consider and pass upon; that if the insured, prior to his application to the defendant company, suffered from certain designated ailments, of whose character one would surely be cognizant, then the verdict must be for the defendant; but that if he suffered from certain other ailments, of a kind one might have without being aware of the fact, then the good faith of his answers would depend upon the applicant's knowledge. For instance, on the latter phase of the case, the court said: "Did he have this heart trouble prior to the time the application was signed, did he know that he had it, and did he sign falsely? If you believe that, then your verdict should be for the defendant. Did he have the heart trouble prior to the signing of the application and when he signed didn't know he had it, and acted honestly in putting his answers in the application, in that case, even if he did have it, your verdict would be in favor of the plaintiff." The policy expressly provides that "all statements made by the insured shall, in the ab-

sence of fraud, be deemed representations and not warranties," and the trial judge's instructions, above outlined, accord with the law as recently laid down by us in Suravitz v. Prudential Insurance Co., 244 Pa. 582, 588.

As to the effect of the alleged rescission of the contract the trial judge ruled, "If this rescission had been dated the 22d day of January, 1913, instead of 1914, and Allen Oplinger had still been living.....a different question would be presented, and it would be my duty to charge you, in the line of some of the authorities which have been cited to me by the learned counsel for the defendant, as to the effect of a rescission; but ....., Mr. Oplinger being dead, the case must be tried by us just as if there had not been this formal rescission, and as if they (the insurance company) were defending ....., in the first instance, on the ground of fraudulent representations and concealments by Allen Oplinger." We see no error in the legal attitude thus assumed by the court below. After the death of the insured, the defendant company could not change the status of the beneficiary by an attempted rescission of the insurance contract.

Testimony of declarations by Mr. Oplinger concerning his state of health, made after the policy was issued, was properly excluded under our rulings upon that subject in Hermany et al. v. Fidelity Mutual Life Association, 151 Pa. 17, 18, 24. See also Arnold v. Metropolitan Life Insurance Company, 20 Pa. Superior Ct. 61, 68. The attempted distinction between the contract of insurance in the cases just cited and the one at bar, on the ground that the latter permits a change in the beneficiary, loses all force upon an examination of the policy in the Hermany case, which also provides that the "member may change the beneficiary." No matter what the law may be in other jurisdictions, it is established with us that the declarations of an insured, made after the policy has gone into force, cannot be received in evidence to affect the rights of the designated beneficiary, in a suit by the latter to enforce the contract of insurance.

We see no merit in any of the assignments; all of those pressed at the oral argument and dealt with in the appellant's brief have been touched upon, and the others call for no special discussion.

The judgment of the court below is affirmed.