# Henegan *v.* Colonial Life Insurance Company of America, Appellant.

*Insurance—Life insurance—Statements as to health.*

In an action on a policy of life insurance where the defendant company in its affidavit of defense and on the trial relied upon the sole defense that the insured misrepresented the condition of his health, and this is met by contradictory evidence on the part of the plaintiff, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained, where the conflicting testimony is fairly submitted in an adequate charge.

Argued April 13, 1916. Appeal, No. 4, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 333, on verdict for plaintiff in case of Katherine Henegan v. The Colonial Life Insurance Company of America. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before MAC-FARLANE, J.

At the trial the jury returned a verdict for plaintiff for $1,259.50.

On a rule for judgment n. o. v. MACFARLANE, J., filed the following opinion:

The testimony of the defendant was confined to the defense set up in the affidavit of defense that at the time the policy was issued Henegan had tuberculosis. Dr. Whitfield, who had examined him for the company, testified in rebuttal that he did not have tuberculosis and in connection with his cross-examination defendant introduced in evidence without any objection the "Medical Examiner's Report" on which were "declarations made by the applicant to the medical examiner." The obvious and apparently only purpose was to show why the physician, relying on the "history" given him by Henegan, failed to find evidence of tuberculosis. But the paper was offered generally. Plaintiff's counsel was in igno-

rance of the use now sought to be made of the testimony and, off his guard, did not attempt to protect his client by asking the purpose.

This motion for judgment n. o. v. is based on the proposition that the answer of the insured in this declaration that he was last confined to the house by illness "one year ago. La grippe," being untrue, entitled the defendant to binding instructions.

The representation was material (Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332), and it is undoubted that he had been confined to his house attended by a physician within four months.

The medical examiner's report is not part of the application. The policy has attached a copy of the application which does not contain the answers made to the physician. Had the company wished, it could have made the answers to the medical examiner a part of the application. No one could suspect that this would be set up as a defense until after the close of the testimony when defendant's counsel moved to amend the affidavit of defense, which motion was refused.

Under our rule of court the statement and affidavit of defense in actions of assumpsit define the issue. In the absence of a rule of court the affidavit of defense is not pleading and does not limit the defense at the trial (Flegal v. Hoover, 156 Pa. 276), but our Rule 9 provides that matters not denied shall be taken as admitted and that no evidence shall be heard upon the trial as to any facts not substantially alleged or referred to as a ground of action or matter of defense in the statements then on file in the cause. Whether strictly pleading or not, under the rule the statement and affidavit are the source from which the issue is determined. Greenleaf's first rule on the production of evidence is that "The evidence must correspond with the allegations and be confined to the point in issue," and this is applied by ascertaining the issue which is the single proposition in which the

618 HENEGAN *v.* COLONIAL L. INS. CO. OF A., Appel.

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.

pleadings terminate. The only issue in this case is whether the insured had tuberculosis.

Counsel argued that the rule only excludes evidence and that matters once in evidence may be used as a defense but this is not the purpose and meaning of the rule as applied daily in this county for many years.

As the record stands the motion must be overruled.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*W. K. Jennings,* with him *D. C. Jennings,* for appellant.

*Charles B. Prichard,* with him *Blakeley & Calvert,* for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

The questions raised by this appeal were solely for the consideration of the jury. The point submitted by the defendant that "under all the pleadings, and all the evidence the verdict should be for the defendant" was properly refused, and the conflicting testimony was fairly submitted in an adequate charge, which, taken with the opinion of the learned trial judge, in refusing a new trial, and for judgment non obstante veredicto, fully answers the argument presented by the appellant.

The judgment is affirmed.