# McEntee, Appellant, *v.* New York Life Insurance Co.

*Insurance—Life insurance — Application — Concealment — Materiality—Effect.*

In an action upon a policy of life insurance, where it appeared that the insured had concealed certain facts as to his medical history in making application for the insurance, and that his death was caused by operations to cure an ailment which he had thus concealed, the concealment was of facts in a legal sense material to the risk. In such case there was no fact in dispute requiring any finding by the jury, and the trial court properly entered judgment for defendant non obstante veredicto.

Argued May 3, 1922. Appeal, No. 173, April T., 1922, by plaintiff, from judgment of C. P. Allegheny County, July T., 1920, No. 1987, in favor of defendant non obstante veredicto, in the case of Mary E. McEntee v. New York Life Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,110. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*W. D. N. Rogers,* and with him *O. S. Richardson* and *P. M. Dippert,* for appellant.—The general rule is that the materiality and good faith of statements in an application for insurance are questions for the jury: Hermany v. Fidelity Mutual L. Ins. Co., 151 Pa. 17; Rigby v. Metropolitan L. Ins. Co., 240 Pa. 332. Exceptions to the general rule are made only where the insured concealed the existence of the very disease from which he died: Murphy v. Prudential Ins. Co., 205 Pa. 444; Wall v. Royal Society, 179 Pa. 355; March v. Metropolitan L. Ins. Co., 186 Pa. 629.

*Frank B. Ingersoll,* and with him *S. G. Nolin, Norval W. Little* and *Gordon & Smith,* for appellee.—The untrue statements of the insured were material to the risk, and there was no question to submit to the jury: Furey v. Metropolitan L. Ins. Co., 49 Pa. Superior Ct. 592; Moncur v. Western L. I. Co., 269 Pa. 213.

OPINION BY LINN, J., July 13, 1922:

Appellant obtained a verdict in her suit to enforce payment of an insurance policy on her husband's life. The court entered judgment for defendant n. o. v. because the insured's application contained false answers to questions asked to elicit what physicians had treated the applicant within a given period and for what complaints. The concealment being admitted,—what was its effect on the relations of the parties to the contract?

Appellant contends "the materiality of the representation thus made was a question for the jury."

The application was dated August 29, 1919, and the policy was delivered September 10, 1919. According to the proof of death, the insured died November 25, 1919, of "cerebral embolism, following a partial gastrectomy, as there was an ulcer of stomach (pyloric) with stenosis of pylorus."

The application contained the following: "I agree, represent and declare, on behalf of myself and of every person who shall have or claim any interest in any insurance hereunder, that I have carefully read each and all of the above answers, that they are each written as made by me, that each of them is full, complete and true, and that I am a proper subject for life insurance. Each and all of my said statements, representations and answers contained in this application are made by me to obtain said insurance, and I understand and agree that they are each material to the risk and that the company believing them to be true will rely and act upon them." Among the questions asked and answered and referred to above were:

"Have you ever suffered from any ailment or disease of (B) The heart or lungs? No. (C) The stomach or intestines, liver, kidneys or bladder? No. (D) Have you consulted a physician for any ailment or disease not included in your above answers? No. (E) What physician or physicians, if any, not named above, have you consulted or been treated by within the last five years, and for what illness or ailment? (If none, so state.) Name and address of physician: Dr. Barr, Butler street. Date and details of illness: Sept. 1918, La Grippe. Results: Recovery in three days."

We have then, the applicant's representation that the answers were "full, complete and true," made "to obtain said insurance" and that he understood and agreed "that they are each material to the risk and that the company believing them to be true will rely and act upon them."

In its affidavit of defense, defendant asserted that the policy never took effect because the applicant concealed material facts, upon the discovery of which it rescinded the policy and tendered to plaintiff the premiums received. Because of the refusal of that tender, the amount with interest was subsequently paid into court pursuant to rule and leave obtained.

The evidence disclosed that during three years immediately preceding the application, decedent consulted two physicians not referred to in his answers, Dr. Boggess and Dr. Petrie.

The former treated him July 13, 1917, for "spots on his lungs which were suspicious"; in May, 1918, for "post-nasal discharge"; in December, 1918, for "abdominal discomfort"; in January, 1919, for "epigastric pain, pain after eating, discomfort"; "gas on his stomach" and "pain in his back"; in February, 1919, for the same ailments; "there had been no particular relief from the measures I had instituted the month before"; "Mr. McEntee had to be very careful about the way he took care of himself"; the doctor also said the patient "gave me a history of epigastric trouble, it bothered him a good bit. It was not ordinary stomach trouble." "My diagnosis was hyperacidity." "There were serious possibilities in it......"; "hyperacidity is a condition associated with serious stomach lesions, but it does not necessitate serious stomach lesions."

Dr. Petrie treated decedent twice, once in January, 1919, and again in February, 1919, for a complaint described by plaintiff as follows: "just for gas or belching. He was given some medicine to take after eating, just like peppermint."

The history of decedent's case as stated in the records of the hospital at which decedent died was put in evidence without objection; among other things, it stated that "patient's principal complaint was pain in his abdomen, soreness, belching of gas, nervousness, insomnia......Present history—that is, the history of present

illness: Ten years ago sickness began, dull pains in upper abdomen; pains would appear three hours after eating relieved by taking food. Pains were cramp like. These attacks would last three or four months and then clear up for several months, and then relapse to the former state. This has kept up until the present. Four or five years ago headaches begin if meals were delayed, and gas formed and would belch considerably......"

In October, 1919, the insured suffered abdominal pain which was diagnosed as gastric ulcer for which an operation was advised; it was performed on November 3d at the Pittsburgh hospital and on November 25, 1919, the patient died. The surgeon in charge, called by the plaintiff, said he could not "testify positively as to the immediate cause of his death, owing to the fact there was no autopsy; but in my opinion it was due to a cardiac or pulmonary embolus"; which he said "means the formation of a blood clot in or about the site of the operation, which subsequently becomes detached and lodges in the heart or the lungs or the large vessels leading to the lungs, sufficient to cause death."

In a legal sense death resulted from the operations (two were performed) to relieve the condition diagnosed as has been stated.

Considering that in the circumstances outlined he concealed his suffering with an ailment of the stomach or intestines, and his treatment therefor by two physicians shortly before signing the application, together with the fact that his death resulted from the operations to cure an ailment of that kind, we all agree the concealment was of facts in a legal sense material to the risk within the rule considered in Furey v. Mut. Life Ins. Co., 49 Pa. Superior Ct. 592; Rigby v. Mut. Life Ins. Co., 240 Pa. 332; Moncur v. Western Indemnity Ca., 269 Pa. 213, and that there was no fact in dispute requiring any finding by the jury.

The judgment is affirmed.