# Gerrity *v.* Sovereign Camp of the Woodmen of the World, Appellant.

*Benefit societies—Insurance—Insurance policies—Misrepresentation of age of insured—Evidence.*

In an action on a beneficial certificate the defense advanced was that the insured had misrepresented his age.   It appeared that the insured's daughter in an application for a marriage license had averred that she was born in 1875, which, if true, and the date of her father's birth was correctly given in his insurance application, would mean that he was only twelve years old when she was born.

In such case, it was not error for the court to charge that if the jury believed the insured was married in 1874 and that it was his child born or baptized in 1875, it was their duty to find that he had falsely stated his age in 1913 and there could be no recovery.

In the light of such instruction it was not error to refuse to approve a point of defendant that if the daughter of the insured was born in 1875 then her father must have been born prior to 1863 as set forth in his application.

Argued March 3, 1925.   Appeal, No. 42, Feb. T., 1925, by defendant, from the judgment of C. P. Luzerne Co., Dec. T., 1917, No. 219, in the case of Katie Gerrity, Sadie Gerrity, Esther Gerrity and Genevieve Gerrity, by her next friend William Gerrity v. Sovereign Camp of the Woodmen of the World.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on beneficial certificate.   Before GARMAN, J.

288, (1925).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $1,442 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal to grant a new trial.

*Edward Shortz, Jr.,* and with him *F. W. Lidstone* and *George R. McLean,* for appellant.

*W. L. Pace,* for appellees.

OPINION BY KELLER, J., April 28, 1925:

Action of assumpsit upon a life insurance policy or beneficiary certificate; defended against on the ground that the insured had misrepresented his age. Only two of the assignments of error require extended consideration.

(1) The insured's daughter, Mary, in her application for a marriage license had stated that she was born on December 2, 1875. If this was true and the date of her father's birth was correctly stated in his insurance application, he was only twelve years and ten months old at the time of her birth. She testified that in applying for the license she had misstated her age; that she was really only fifteen years old instead of twenty-one. The defendant presented a point, "If Mary Gerrity Mulcahy was born in 1875, then her father, John Gerrity, must have been born prior to the second day of February, 1863, as stated in his application for insurance, and the plaintiffs cannot recover"; which the learned trial judge answered by saying, "I am not going to affirm it, nor am I going to deny it. I am simply going to leave the probabilities of it with you. I am not able to say, as a physiological fact, whether a boy twelve years old might not be the father of a couple of children." Defendant relies on the common law presumption that a boy under fourteen years of

age could not be guilty of rape, which it has been held must prevail even in the face of proof that he had arrived at the full state of puberty: Regina v. Jordan, 9 Car. & P. 118. Whether this conclusive presumption of the criminal law applies to civil cases or not, we are not called upon to decide, for we are of opinion that in view of the general charge of the court no substantial harm was done the defendant by the answer to its point. The learned trial judge repeatedly stated to the jury, both in his charge and answers to points, that if John Gerrity, the insured, misstated his age in his application for insurance, whether intentionally or not, there could be no recovery; and in commenting upon the church records showing that a John Gerrity and a Mary Reddington were married in November, 1874, and that a child Catherine Gerrighty was baptized on September 30, 1875, said: "Now, if those papers are absolutely correct it seems to me that the conclusion would be irresistible that John Gerrity must have represented falsely his age in 1913; and, if so, his heirs should not recover. If the jury find that this John Gerrity and Mary Reddington [married by Rev. J. Finnan in 1874] are the John Gerrity and Mary Reddington that were shown to have been united in marriage and the John Gerrity that was insured, if you find that from the testimony in the case then you should bring in a verdict for the defendant." And again, "So it follows that John Gerrity did marry Mary Reddington in 1874, and the only question for you to answer, first, is, was that the John Gerrity insured in this paper? and then it follows further, that Catherine Gerrighty was baptized in September, 1875. ......Is that the Catherine Gerrity who was here as a witness; and is that the Catherine Gerrity who was the daughter of John Gerrity and Mary Reddington in this case? If so, her baptism and the marriage of her parents would contradict the statements of John Gerrity, and he ought not to recover. As you shall decide that question will very largely determine—will absolutely

determine your verdict." It was the contention of the plaintiffs that their father was born February 2, 1863, was married in 1879, and that the daughters Catherine and Mary were born on August 28, 1880, and December 2, 1881, respectively.

It thus appears from the foregoing extracts as well as from other parts of the charge that the learned trial judge several times explicitly instructed the jury that if they believed the insured was married in 1874 or that it was his child who was born or baptized in 1875, it was their duty to find that he had falsely stated his age in 1913 and the plaintiffs ought not recover in the action. In view of this fact, we do not think his answer to the point could have misled the jury. The point presented a supposition, based on statements made in securing a marriage license, which, as is well known, are not always accurate, (Ohlweiler v. Ohlweiler, 72 Pa. Superior Ct. 518, 521); and while the judge refused to determine the physiological question which the point raised, the answer, in connection with the other parts of the charge, could have caused no doubt in the mind of the jury as to his view of their duty if they found that Mary Mulcahy had correctly stated her age when applying for the marriage license.

(2) In objecting to the testimony of Edward Keating, the learned counsel for the appellant apparently misapprehended the rule of evidence relating to the admission as testimony of declarations as to pedigree. The rule does not require that the *witness* who testifies in court must be related to the person whose pedigree is under consideration, but that the *declarant,* whose statements are given in evidence by the witness, was so related. As the declarant must be dead at the time of the trial, (Sitler v. Gehr, 105 Pa. 577, 592), it follows that he must not be confused with the witness who testifies to the declaration with respect to the pedigree under consideration, made by such declarant in his lifetime.

We think the learned trial judge sufficiently directed the attention of the jury to the fact that Mary Mulcahy admitted she had sworn falsely in securing her marriage license and that this affected her credibility as a witness in the case; and we find no abuse of discretion in the refusal of a new trial. Two trials have already been had, both of which resulted in favor of the plaintiffs. We are satisfied the same result would follow a third trial.

The assignments of error are overruled and the judgment is affirmed.