# Skruch v. Metropolitan Life Insurance Co., Appellant.

*Insurance—Life insurance—Evidence — Physician — Witness— Application—False answers as to health—Warranties—Representations—Act of June 7, 1907, P. L. 462.*

1. The Act of June 7, 1907, P. L. 462, does not prevent a physician from answering a question, the answer whereto cannot operate to blacken the character of his patient.

2. Where an applicant for insurance answers that he has not had certain physical symptoms, his physician may be required to testify whether or not his patient has had them, even though they were symptoms of a disease, a disclosure of which would have tended to blacken the patient's character; but the physician cannot be required to testify that his patient has had such a disease.

3. If the answers in an application for insurance, upon the faith of which the policy sued on was issued, relate to the present or previous health of the insured, are warranted to be true, and the uncontradicted evidence shows that they are false, binding instructions should be given for defendant.

4. A different rule applies where the policy declares that such answers, in the absence of fraud, shall be deemed representations and not warranties. In that event, if there is sufficient evidence on the subject, it is for the jury to say whether the answers are true, whether they were correctly written down by the agent of the insurance company, whether the insured acted in good faith in making the answers he did, and, if a real doubt exists, whether the answers were material to the risk.

Argued October 6, 1925. Appeal, No. 148, March T., 1925, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1922, No. 85, on verdict for plaintiff, in case of Mary Skruch v. Metropolitan Life Ins. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on policy of life insurance. Before MC-CANN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000.  Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*D. P. Weimer,* for appellant.—The defense contends that the fact that a man has been treated for epilepsy or convulsions does not of itself even tend to blacken the character of any man.

In view of the testimony of Dr. Wheeling it is very clear that if the company had known and inquired, they would have found out the physical condition which the doctor divulged to the court and which certainly would have been material to this risk: Rigby v. Ins. Co., 240 Pa. 332; Lutz v. Ins. Co., 186 Pa. 527; U. B. Mutual Aid Society v. O'Hara, 120 Pa. 256; March v. Ins. Co., 186 Pa. 629.

*Philip N. Shettig,* with him *Charles Hasson* and *J. J. Kintner,* for appellee.—The case of Suravitz v. Ins. Co., 244 Pa. 582, is one which is almost on all fours with the case at bar, upon its facts, particularly as respects the conduct of the insurance company's agent, and the effect of that conduct upon the rights of insured, who, in that case, as well as in the present, was a person of foreign birth.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1925:

Plaintiff's husband insured his life in defendant company, in her favor; about seven months thereafter, he died, and, in a suit on the policy, she recovered a verdict and judgment, from the latter of which defendant appeals.

The policy states that it is issued, "in consideration of the application......a copy of which is attached hereto and made part hereof."  In the application, the insured "further declared and agreed that the foregoing state-

ments and answers......are correct and wholly true, and that they shall form the basis of the contract of insurance, if one be issued," the policy specifying, however, that all those statements "shall, in the absence of fraud, be deemed representations and not warranties."

Among the questions and answers appearing in the application are the following: "Q. Have you ever had ......convulsions? A. No. Q. Give full particulars of every illness you have had since childhood, and the name of every physician who has ever attended you or prescribed for you? A. Affection, none. Q. Have you had any other illness than as recorded above? A. No." It is alleged by defendant that these,—and other answers we do not deem it necessary to quote,—were "false and wholly untrue," and were material to the risk; upon this foundation it builds its defense.

When a physician, who had attended the insured, was on the stand, he was asked: "Will you state whether or not you treated [decedent] for epilepsy or convulsions?" The court below excluded the question because the witness had "indicated to the court that the specific disease of which [insured] was suffering [was a loathsome one] of which epilepsy and convulsions were only symptoms." This ruling was based on the Act of June 7, 1907, P. L. 462, which provides "that no person authorized to practice physics or surgery shall be allowed, in any civil case [with an exception not pertinent here], to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without the consent of the patient."

It is clear that if a man has had convulsions and epilepsy, he has had them, whether or not they were symptoms of some other disease; yet decedent had denied he ever "had them," and the question which was overruled was asked for the purpose of showing that he had thus made untrue answers in his application. Admittedly, a

man may have had either or both of those complaints, without this fact, if known, tending in any way to blacken his character. If appellant, having received an affirmative answer to the question propounded, had then attempted to follow it up by an inquiry which, if answered, would have shown that the convulsions and epilepsy were symptoms of a loathsome disease, the Act of 1907 would have been applicable, and an objection to this later inquiry would have been properly sustained. That, however, was not the question asked.

It follows that the judgment must be reversed, for the answers thus made were material to the risk, and the court below should have so ruled; hence uncontradicted proof of their falsity would, if they had been warranted to be true, have required binding instructions in defendant's favor: Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; Meyer-Bruns v. Penna. Mutual Life Ins. Co., 189 Pa. 579; Meyers v. Woodmen of the World, 193 Pa. 470; Moncur v. Western Life Indemnity Co., 269 Pa. 213. If a real doubt exists as to the materiality of the answers, of course the question must be submitted to the jury (Lutz v. Metropolitan Life Ins. Co., supra), but the answers under consideration here, involve no such doubt.

The present policy expressly declares, however, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties," and we have determined that this establishes a status essentially different from a case wherein the answers are warranted to be true. In Suravitz v. Prudential Ins. Co., 244 Pa. 582, 586, it is said: "In our opinion the change in the covenant from a warranty to a representation was intended to broaden the scope of inquiry in such cases, so as to give relief, to parties who in good faith take out policies of insurance, from the harshness, and in many instances the injustice, of the old rule applicable to warranties. If this be the correct view, and it is certainly the just and equitable one, we can see no reason for limiting the inquiry to the single

question of the materiality of the answer. Whether true answers were made, and whether the answers as made were correctly written down by the agent of the insurance company, and the good faith of the party making the answers to the best of his knowledge and belief, are questions which go to the very essence of the insurance risk, and parties should not be denied the right to have such matters determined before a proper tribunal, unless they have covenanted otherwise. As to warranties, the general rule is that the insured is concluded by his answer as it appears in the application attached to the policy, but as to representations, no Pennsylvania case has gone so far as to hold that the same drastic rule should be applied, and no case has decided that the inquiry is limited to the single instance where the materiality of the answer is raised by the issue." This decision is followed in Oplinger v. New York Life Ins. Co., 253 Pa. 328; Feinberg v. New York Life Ins. Co., 256 Pa. 61; Baer v. State Life Ins. Co., 256 Pa. 177, and Suravitz v. Prudential Ins. Co., 261 Pa. 390, and has never been qualified.

In view of what has been said it is not necessary to examine the other assignments of error. An attentive consideration and application of the cases herein cited will, doubtless, result in a re-trial free from error; it is sufficient to say, therefore, that we are not convinced, from the record as now made up, that the court below should have entered judgment for defendant non obstante veredicto.

The judgment of the court below is reversed and a venire facias de novo awarded.