# Livingood v. New York Life Ins. Co., Appellant.

*Insurance—Life insurance—Representations as to health—Warranties—Mistake—Fraud—Burden of proof—Declarations.*

1. Where it is agreed that the answers to questions propounded to a person applying for life insurance shall be representations and not warranties, a proven mistake in the information given by the applicant, in the absence of fraud, will not work a forfeiture of the policy.

2. Where the misstatement has been set forth inadvertently, or the narrative is incomplete in detail, and made without intention of concealing the truth, a recovery is permissible, the question of good faith being for the jury.

3. The burden of proving fraud in such a case is on the one alleging it.

4. When the applicant asserts he is in good health, and reasonably believes this to be true, though in fact suffering from some insidious disease, such as tuberculosis, a recovery may be had.

5. Declarations of an insured under a life policy in favor of his wife, but in which he is entitled to benefits for disabilities, are not admissible, where the declarations proposed to be shown are uncertain and indefinite, and may be reconciled with the statement that he was in good health when he made his application.

Argued May 26, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 23, Jan. T., 1927, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1924, No. 37, on verdict for plaintiff, in case of Elsie M. Livingood v. New York Life Ins. Co. Affirmed.

Assumpsit on a policy of life insurance. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Judgment and verdict for plaintiff for $2,689.16. Defendant appealed.

*Errors assigned* were, rejection of various offers of evidence, quoting bills of exceptions.

*G. R. Hull,* of *Snyder, Miller & Hull,* with him *Bernard J. Myers,* for appellant.—Where a policy of life insurance provides that, during the total disability of the insured, the premiums due on the policy shall be waived by the insurer and the latter shall pay to the insured a stipulated sum during the continuance of such disability, declarations made by the insured after the issuance of the policy, which go to prove that the policy was obtained by false and fraudulent representations respecting his insurability, are admissible in evidence against the beneficiary in a suit brought upon the policy after the death of the insured: Hughes v. Canal Co., 176 Pa. 254.

*Joseph B. Wissler,* for appellee.—Declarations of the insured after the policy has gone into effect cannot be offered in evidence as against the beneficiary: Irving Bank v. Alexander, 280 Pa. 466; Washington Central Bank v. Hume, 128 U. S. 195; New York Life Ins. Co. v. Statham, 93 U. S. 24; Ellis v. Ins. Co., 18 Pa. Dist. R. 501; Suravitz v. Ins. Co., 244 Pa. 582; Hermany v.

Mutual Life Assoc., 151 Pa. 17; Arnold v. Life Ins. Co., 20 Pa. Superior Ct. 61; Oplinger v. Life Ins. Co., 253 Pa. 328.

OPINION BY MR. JUSTICE SADLER, June 26, 1926:

Horace W. Livingood made request of the defendant company for insurance, and a life policy was issued on August 22, 1921, his wife being named as beneficiary. The signed application set forth that he was in good health, and detailed certain facts as to his prior physical condition, and the medical attendance previously received. The contract stipulated that declarations as to these matters should be understood to be material, it being provided, however, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." It appeared that two months after the issuance of the policy Livingood became ill, and was then cared for by a physician, other than the family doctor formerly consulted, who diagnosed his case as probably one of tuberculosis, though this was not definitely concluded until January 3, 1922, when he was removed to a hospital for treatment.

Under the terms of the contract, certain payments were made to Livingood while incapacitated for work, and these were continued until May of 1923, when the defendant company, on investigation, was led to the belief that the insured had been suffering from the same disease prior to his application for insurance, which condition had not been disclosed. He died on July 9, 1924, and, payment of the policy having been refused, the wife, named as beneficiary, brought this action to recover the amount thereof. A defense was interposed, based on the averment that the insured had failed to fully describe his physical ailment when he asked for insurance, and, further, had not set forth the names of all of the physicians who had treated him, as represented. The trial resulted in a verdict for the plaintiff, and from the judgment entered this appeal was taken.

It is first to be noted that the answers to the questions propounded to the insured were representations and not warranties, and, in the absence of fraud, a proven mistake in the information given did not work a forfeiture of the rights under the contract: Skruch v. Metropolitan Life Ins. Co., 284 Pa. 299; Suravitz v. Prudential Ins. Co., 244 Pa. 582. It will not be questioned that, where untrue essential facts have been deliberately certified to, and, as a result, the policy issued, there can be no recovery when death occurs: Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; Murphy v. Prudential Ins. Co., 205 Pa. 444. Inaccurate statements as to age (Gerrity v. Sovereign Camp, 85 Pa. Superior Ct. 288), the employment of other doctors than those named (Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332; Timlin v. American Patriots, 249 Pa. 465; Martin v. Ins. Co., 83 Pa. Superior Ct. 509), or a denial that insurance had been sought from other companies, when in fact it had been (Moncur v. Indemnity Co., 269 Pa. 213), are all to be deemed material representations. But where the misstatement has been set forth inadvertently, or the narrative is incomplete in detail, and was made without intention of concealing the truth, a recovery is permissible, the question of good faith being for the jury: March v. Metropolitan Life Ins. Co., 186 Pa. 629; Baer v. State L. Ins. Co., 256 Pa. 177; Hannegan v. Colonial Life Ins. Co., 63 Pa. Superior Ct. 616; South Side Trust Co. v. Eureka L. Ins. Co., 74 Pa. Superior Ct. 566. If there was any deliberate attempt to deceive, the defendant is entitled to judgment (McEntee v. Ins. Co., 79 Pa. Superior Ct. 457), but the burden of proving such fraud is on the one alleging it: Holleran v. Life A. Co., 18 Pa. Superior Ct. 573.

When the applicant asserts he is in good health, and reasonably believes this to be true, though in fact suffering from some insidious disorder, a recovery may be had. The insured is bound to honestly disclose facts concerning his physical condition, which he knew of, or should

have observed, but he is not charged with knowledge of the existence of a latent disease of which, from the nature of things, he could have no exact information: Suravitz v. Prudential Ins. Co., supra; Barnes v. Fidelity M. L. A., 191 Pa. 618. "Slight troubles, temporary and light illness, infrequent and light attacks of sickness, not of such a character as to produce bodily infirmity or serious impairment or derangement of vital organs, do not disprove the warranty of good health": Clemens v. Metropolitan Life Ins. Co., 20 Pa. Superior Ct. 567.

In the instant case, there was no evidence to support the allegation in the affidavit of defense that Livingood had been treated by another physician than the one named in the application. There was proof that, at a previous time, he had suffered from illnesses which had been cured, and, in addition, it appeared that he had consulted his doctor a year before when attacked with grippe, and later concerning acute colds, resulting in the weakening of his vitality, which facts were not specifically referred to in the application. Two months after the policy was issued, an examination by another physician disclosed the possibility of the presence of a tubercular condition, but this was not definitely determined until the following January, when he was placed in a hospital. The evidence did not justify a conclusion that Livingood was aware of the existence of the disease, and the medical examiner for the company stated that at the time of the examination in August he was not so afflicted. From the fact that it developed later, and indicative symptoms were found in October, coupled with the medical testimony that the disease was progressive in its nature, the jury was asked to infer that the statement made by the applicant, as to good health, was knowingly untrue.

The question was submitted in a charge of which the defendant has no reason to complain. The jury was told that "it is of no importance in this case that the

applicant did not know that he had tuberculosis, provided he was actually suffering from that disease and should reasonably have been acquainted with his condition of health," and, further, that if they found that the insured "did make false statements in his application for the risk, or if he did not give his illnesses and the physicians who attended him, then the plaintiff cannot recover." The verdict was rendered for the plaintiff, and a new trial refused.

Appellant now complains because of the refusal to admit certain declarations made by the insured subsequent to the issuance of the policy upon his life, for the benefit of his wife. The learned court below, on the authority of Oplinger v. New York Life Ins. Co., 253 Pa. 328, and the cases therein cited, was of opinion that the statements, having been made after the rights of the beneficiary had attached, could not be received. This position is assailed because of an alleged distinction, in that Livingood himself continued to have an interest in the policy, by reason of the provision that he should be entitled to benefits in case he became totally disabled, which actually occurred. It is argued that his admissions against interest could have been proven against him in a suit for such allowances, and, in view of the circumstances here appearing, were likewise receivable in the suit by the wife. We deem it unnecessary to pass upon this proposition, since an examination of the offers made will show that the testimony proposed was properly rejected as too uncertain and indefinite.

Doctor Leh examined the insured on October 24, 1921, and at that time received from him a history of his past physical condition. Therein, the patient stated, amongst other things, that during July and August previously he had suffered "from night sweats." It was proposed to prove this fact as showing a "characteristic symptom of pulmonary tuberculosis," but not that this was a condition uncommonly found in those suffering from any other complaints, or that it indicated, with

any certainty, the presence of the disease suggested. The medical examiner of defendant stated the contrary to be true, and that it was not peculiar to tubercular patients. The jury was properly not permitted to guess that the insured was consumptive, because tubercular trouble is accompanied with "night sweats," a condition often discovered among those suffering from various ailments, trivial and otherwise, though appearing with sufficient frequency to be denominated "characteristic." Further, the same witness testified that though the insured would be aware of the symptom, to wit, that he had night sweats, yet he would not know that it indicated tuberculosis, a fact which the doctor was unable himself to determine until months afterwards, after hearing the medical history of the case, and personally examining Livingood. Even if the fact proposed to be shown was indicative of consumption, this would not have justified a verdict for defendant, unless it could be found by the jury that Livingood had reason to believe, from the presence of that symptom, that he had this disease, a conclusion which the doctor himself said was not warranted. For like reason, the same offer, made while Doctor Ader was on the stand, was properly refused.

The third assignment of error is based on the rejection of the statement made by the insured at the time he applied for disability benefits, wherein he set forth that his illness began late in August, 1921. The application for insurance was made on the 21st of that month, and the company issued the policy on the 23d, at which time, the examiner of the company testified, he was in good health. The offer did not propose to show any admission as to the condition of the declarant prior to those dates, but indicated, on the contrary, that the trouble had developed subsequent thereto. It was too indefinite and uncertain to justify a finding that the illness referred to by Livingood antedated the making of the contract, and that the insured was aware of that fact when he applied for the insurance.

The three assignments of error are without merit, and, without further discussion, are overruled.

The judgment is affirmed.