617 A.2d 826

**Jean EVANS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JULIA RIBAUDO HOME), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Nov. 17, 1992.

Lawrence A. Durkin, for petitioner.
Brian J. Lenahan, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

FRIEDMAN, Judge.

Jean Evans (Claimant) appeals an order of the Workmen's Compensation Appeal Board (WCAB) affirming the referee's modification of Claimant's compensation benefits. We affirm.

Claimant was employed by the Julia Ribaudo Home (Employer) on March 14, 1983, when she sustained a lumbosacral sprain at work. Claimant hit the back of her head and injured her back when a patient she was assisting fell on top of her. As a result of her injury, Claimant was hospitalized for approximately two weeks, during which she was treated by Dr. Joseph Demko and at his request, by Dr. P. Shripathi Holla.

On April 4, 1983, a notice of compensation payable was filed under The Pennsylvania Workmen's Compensation Act [1] which provided for the payment of compensation to Claimant at the rate of $153.00 per week. At the request of Employer's insurer, Dr. Holla examined Claimant again on November 25, 1986. Subsequently, Employer filed a petition for modification of compensation benefits as of February 5, 1987, alleging that as of that date, Claimant was able to perform light duty work.

After a hearing at which both Dr. Demko and Dr. Holla testified, the Referee modified Claimant's compensation benefits from total to partial disability. The WCAB affirmed and Claimant appeals.[2]

The Claimant argues that the referee erred, as a matter of law, by allowing and considering the testimony of Dr. Holla in violation of the physician-patient privilege, 42 Pa.C.S. § 5929. In the alternative, Claimant contends that Dr. Holla's testimo-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Our scope of review in workmen's compensation appeals is limited to determining whether the WCAB committed an error of law, made findings of fact unsupported by substantial evidence, or violated constitutional rights. *Linkiewicz v. Workmen's Compensation Appeal Board*, 132 Pa.Commonwealth Ct. 472, 573 A.2d 265 (1990).

ny did not constitute substantial evidence sufficient to sustain employer's burden of proof.

An employer seeking to modify a claimant's benefits has the burden of proving that claimant's condition has changed and that she is no longer totally disabled. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). To satisfy this burden, Employer offered the expert testimony of Dr. Holla who testified that Claimant's condition had improved and that she was able to perform light duty work. Claimant offered the testimony of Dr. Demko to support her claim that she was still totally disabled. The Referee accepted Dr. Holla's testimony as the basis for his determination.

Claimant contends that Dr. Holla's testimony was inadmissible because it characterized her as a faker in violation of the physician-patient privilege, 42 Pa.C.S. § 5929, which states:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, *which shall tend to blacken the character of the patient,* without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

(Emphasis added.)

In order for a doctor's testimony to fall within the privilege, it must involve information gathered from the patient's communication to the doctor and must tend to blacken the patient's character. *Commonwealth ex rel. Platt v. Platt,* 266 Pa.Superior Ct. 276, 404 A.2d 410 (1979). In *Platt,* a psychiatrist testified that his patient had undergone psychiatric treatment. The court admitted this testimony, and stated, "whatever the meaning of loathsome disease, psychiatric treatment does not evidence the existence of such a condition." *Id.* at 286, 404 A.2d at 415. Blackening of the character results from testi-

mony concerning a loathsome disease.[3] *See Skurch v. Metropolitan Life Insurance Company,* 284 Pa. 299, 131 A. 186 (1925). One of the purposes of the privilege is to protect the patient from any stigma caused by this personal information being revealed. *Platt.*

In this case, Dr. Holla testified that when he was examining Claimant in November 1986, she "tried to exhibit some give-away weakness for which I indicated to her that this is not real weakness and cooperate with my examination ..." (R.R. at 27a). Dr. Holla was asked to define a "give-away weakness." He replied, "[i]t is not real weakness, fake weakness." *Id.* On cross-examination, counsel inquired whether Dr. Holla believed that Claimant was trying to mislead him. Dr. Holla stated, "give-away weakness is an indicator of fake weakness. Absolutely correct. I stand by that" (R.R. at 47a). In addition, Dr. Holla described part of the examination where Claimant was asked to walk on her heels. He testified:

Q. She indicated pain to you?

A. Yes.

Q. I also see in here [the report] that you have no indication that it was any kind of attempt to fake pain to you. Would you have put in if you had believed it?

A. No. That is a fake pain. See we are not testing the reproduction of pain when we ask somebody to walk on their heels. We are testing [something] totally different in which she does not know what we are testing. When somebody says that it hurts, my back, when walking on their heels, there's a totally uncalled for response.

Q. So you would not have expected [Claimant] to know what you were searching for at that time, is that correct?

A. That's correct. This lady was trying to tell me, you know, something which is not there.

(R.R. at 48–49a.)

This testimony makes no reference to a loathsome disease; rather, it simply describes in lay terms Claimant's physical

---

3. We note that association with a loathsome disease is not the only kind of physician testimony which could blacken a patient's character.

responses to the examination. Dr. Holla did not express his opinion about Claimant, but rather stated his medical opinion of Claimant's reactions to the tests he administered, describing the "give-away weakness" Claimant demonstrated as weakness that is not supportable by medical evidence. Because Dr. Holla's testimony does not refer to a loathsome disease or the Claimant herself, we hold that the privilege does not apply.[4] Therefore, the referee did not err by admitting Dr. Holla's testimony.

■ Claimant contends that Dr. Holla's testimony even if admissible, did not constitute substantial evidence to sustain Employer's burden of proof because Dr. Holla examined Claimant on only three occasions. Claimant argues that because her own expert, Dr. Demko, had treated Claimant continuously for twenty-five years, he should have been believed. We disagree.

■ The referee, as fact finder in a workmen's compensation case, resolves questions of credibility and is free to accept or reject testimony of any witness in whole or in part. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Kudra)*, 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990). In addition, "... the referee's acceptance of the medical opinion of one expert witness over another is within his prerogative, and certainly is not the basis for a contention that such selection constitutes reversible error." *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo-Tech)*, 104 Pa.Commonwealth Ct. 290, 295, 521 A.2d 980, 983 (1987). If the testimony accepted by the referee constitutes such relevant evidence as a reasonable mind might accept as adequate to support the conclusion reached, we are bound by those findings. *Fox Grocery Company v. Workmen's Com-*

4. Additionally, Employer argues the physician-patient privilege does not apply at all here because a workmen's compensation case is a civil matter brought by the claimant/plaintiff, placing claimant's medical condition at issue. Employer contends that it falls within the exception to the privilege. Having determined that the testimony in this case did not blacken the claimant's character, we need not decide whether the exception to the privilege applies.

*pensation Appeal Board (Shetterly, Jr.),* 110 Pa.Commonwealth Ct. 26, 531 A.2d 861 (1987).

The record reveals that Dr. Holla's testimony fully supports the Referee's conclusion. Dr. Holla testified that there was no clinical evidence of any nerve root involvement either in the back or neck (R.R. at 28a). He indicated that Claimant suffered from Sjogren's Syndrome, a form of rheumatoid arthritis which causes aches and pains in the joints of the body, which was diagnosed prior to and was unrelated to the work-related injury. *Id.* Dr. Holla recommended that she should return to a "light duty job" (R.R. at 61a). Moreover, he opined that the Claimant was capable of performing any of the eleven jobs made available to her (R.R. at 33a–37a).

Because we hold that Dr. Holla's testimony was admissible and provided substantial evidence to support the decision of the referee, we affirm.

## ORDER

AND NOW, this 17th day of November, 1992, the order of the Workmen's Compensation Appeal Board, dated June 28, 1991, is affirmed.

KELLEY, Judge, concurring.

I agree with the majority that Dr. Holla's testimony in this case is not barred by the physician-patient privilege, 42 Pa. C.S. § 5929. I write separately because I believe that the admissibility does not turn on whether the testimony concerns a "loathsome disease," but rather on the fact that no communication between patient and doctor was involved.

Construing a prior statute,[1] our Supreme Court narrowly interpreted the term "information" to include only communications made to the physician by the patient. *Phillips Estate,* 295 Pa. 349, 145 A. 437 (1929). Where a doctor bases his diagnosis on examination and observation, rather than communications by the patient, the privilege is inapplicable. *Id.* Our

1. Act of June 7, 1907, P.L. 462, *formerly,* 28 P.S. § 328, repealed by the Act of April 28, 1978, P.L. 202.

courts have since applied this same interpretation to the language of the present statute. *See In re June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 415 A.2d 73 (1980); *In re "B"*, 482 Pa. 471, 394 A.2d 419 (1978).

Furthermore, Superior Court, more than a half century ago, applied the ruling in *Phillips Estate* to a workmen's compensation proceeding, refusing to exclude testimony based solely on a doctor's observations as opposed to a confidential communication. *Massich v. Keystone Coal & Coke Co.*, 137 Pa.Superior Ct. 541, 10 A.2d 98 (1939). I believe that this case answers the question left unanswered by the majority; that a workmen's compensation proceeding is *not* a "civil matter brought by such patient, for damages on account of personal injuries" so as to fall within the exception found in 42 Pa.C.S. § 5929.

CRAIG, P.J., joins in this concurring opinion.